UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MOONBUG ENTERTAINMENT LIMITED,

               Plaintiff,

- against -

6383702, 9654956, AIRINA4U-AIRINA4U, BINGOHERE4U, BLESSERNN, CIAOCIAOSTORE_1, CLASSY*MISSY, CREAT_KELLY, DREAMAKER1201, FZSHENGMAOXIN, GATHERING-RETAIL, GKEVER2016, JACKINTHEBOX02, JFBCHUPMEI, JOHLEVI94, LAZYCORNER, LONGJFLI-1, LUOMEIKIT, LVXINGJIATRAVEL2016, MARIOCOSTUME, MARK-CONDOR, MEILIANDUOTOA, MWZUK, NATURALIFT_BEAUTY, PRETTYCLOTHA, SHENGXINYIDE2021NEW, SHIHENGTRAD, SPRING-2010, THINKINGTIMEW, TIANCHUANGBUILD04, TOMASOCOSTUME, TOYCITY-02, TOYSCHINA2011, XUEME-28, YHZB520, YIHEYH, and ZBYH1314

               Defendants.

**ORDER**

21 Civ. 4311 (PGG) (RWL)

---

PAUL G. GARDEPHE, U.S.D.J.:

      Plaintiff Moonbug Entertainment Limited – a global entertainment company that creates and distributes children's toys under the Blippi trademark – filed this trademark infringement action on May 13, 2021.  (Cmplt. (Dkt. No. 4) ¶¶ 7, 13)  The Complaint alleges that Defendants – 6383702, 9654956, airina4u-airina4u, bingohere4u, blessernn, ciaociaostore_1, classy*missy, creat_kelly, dreamaker1201, fzshengmaoxin, gathering-retail, gkever2016, jackinthebox02, jfbchupmei, johlevi94, lazycorner, longjfli-1, luomeikit, lvxingjiatravel2016, mariocostume, mark-condor, meilianduotoa, mwzuk, naturalift_beauty, prettyclotha,

shengxinyide2021new, shihengtrad, spring-2010, thinkingtimew, tianchuangbuild04, tomasocostume, toycity-02, toyschina2011, xueme-28, yhzb520, yiheyh, and zbyh1314 – marketed and sold counterfeit versions of Plaintiff's Blippi products, and that Plaintiff seeks statutory damages related to Defendants' trademark infringement.  (Id. ¶¶ 30, 95)

On May 6, 2022, this Court entered an order of default against each Defendant except Defendants toyschina2011 and luomeikit, and referred this case to Magistrate Judge Robert W. Lehrburger for an inquest on damages.  (Order of Default (Dkt. No. 34) at 4; Order of Reference (Dkt. No. 35))  Magistrate Judge Lehrburger has issued a Report and Recommendation ("R&R") regarding the appropriate amount of damages.  (R&R (Dkt. No. 39))

## BACKGROUND

On July 19, 2021, Plaintiff voluntarily dismissed as to Defendant toyschina2011. (Dkt. Nos. 16-17)  The Clerk of Court issued a certificate of default as to each Defendant except Defendant toyschina2011 on November 22, 2021.  (Cert. of Default (Dkt. No. 23))  On April 8, 2022, this Court ordered the remaining Defendants to show cause on April 19, 2022, why a default judgment and permanent injunction should not be entered against them.  (Order (Dkt. No. 30))  The remaining Defendants did not file an opposition to Plaintiff's motion for a default judgment and permanent injunction and did not appear for the April 19, 2022 hearing.  (Order of Default (Dkt. No. 34) at 2-3)

At the April 19, 2022 hearing, this Court ruled that Plaintiff had not established a basis for this Court to exercise personal jurisdiction over Defendant luomeikit.  (Id. at 3)  This Court directed Plaintiff to show cause by April 26, 2022 why its claims against Defendant luomeikit should not be dismissed for lack of personal jurisdiction.  (Id.)  Plaintiff did not make any additional submission addressing personal jurisdiction as to Defendant luomeikit.

2

Following the April 19, 2022 hearing, this Court entered a permanent injunction (Order (Dkt. No. 36)) and order of default against each Defendant except Defendants luomeikit and toyschina2011 (the "Defaulting Defendants"), and referred this case to Magistrate Judge Lehrburger for an inquest on damages. (Order of Default (Dkt. No. 34) at 4; Order of Reference (Dkt. No. 35)) Because Plaintiff had not shown a basis for the Court to exercise personal jurisdiction over Defendant luomeikit, this Court dismissed Plaintiff's claims against Defendant luomeikit without prejudice. (Order of Default (Dkt. No. 34) at 2-3)

In a May 26, 2022 R&R, Judge Lehrburger concludes that no hearing is necessary and that the inquest can properly be resolved on the submissions and prior proceedings. (R&R (Dkt. No. 39) at 8) Judge Lehrburger recommends that this Court: (1) award Plaintiff $50,000 in statutory damages against each Defaulting Defendant, plus post-judgment interest, and (2) grant Plaintiff permission to serve asset restraining order notices without regard to the 30-day stay that would otherwise delay Plaintiff's ability to serve the notices. (Id. at 20) The R&R makes clear that "[f]ailure to file timely objections will result in a waiver of objections and will preclude appellate review." (Id. (emphasis omitted)) No party has filed objections to the R&R.

## STANDARD OF REVIEW

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When no objections are filed to a magistrate judge's report and recommendation, "a district court need only satisfy itself that there is no 'clear error on the face of the record' in order to accept the recommendation." Austin v. Lynch, No. 10 Civ. 7534 (JPO) (GWG), 2011 WL 6399622, at *1 (S.D.N.Y. Dec. 20, 2011) (citing Fed. R. Civ.

P. 72(b) advisory committee note). Moreover, the Second Circuit has made clear that a "party generally waives judicial review of an issue when he or she fails to make timely objection to a magistrate judge's report, as long as all parties receive clear notice of the consequences of their failure to object." DeLeon v. Strack, 234 F.3d 84, 86 (2d Cir. 2000) (citing Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989)); see also McCarthy v. Manson, 714 F.2d 234, 237 (2d Cir. 1983) ("When a party fails to object timely to a magistrate's recommended decision, it waives any right to further judicial review of that decision.").

## DISCUSSION

Here, the R&R recites the requirement that "[p]ursuant to 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and 6(d) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from [May 26, 2022] to file written objections to this Report and Recommendation." (R&R (Dkt. No. 39) at 20) The R&R further states that "[f]ailure to file timely objections will result in a waiver of objections and will preclude appellate review." (Id. (emphasis omitted)) Despite clear warning that a failure to file objections would result in a waiver of judicial review, no party has filed objections to Judge Lehrburger's R&R.

Because no party has filed objections to Judge Lehrburger's R&R, the parties have waived judicial review. This Court has, however, reviewed Judge Lehrburger's twenty-three-page R&R and finds it to be thorough, well-reasoned, and free of any clear error. Accordingly, Judge Lehrburger's R&R will be adopted in its entirety.

## CONCLUSION

For the reasons stated above, the R&R is adopted in its entirety and Plaintiff is awarded $50,000 in statutory damages against each Defaulting Defendant. Post-judgment interest is awarded using the federal rate set forth in 28 U.S.C. § 1961, calculated from the date

4

the Clerk of Court enters judgment in this action until the date of payment. Plaintiff may serve asset restraining order notices pursuant to N.Y. C.P.L.R. § 5222, and the 30-day stay that would otherwise delay Plaintiff's ability to serve the notices is hereby dissolved. The Clerk of Court is directed to enter judgment, and to close this case.

Dated: New York, New York
       July 13, 2022

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge

5